U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 2 6 2015

TONY R. MOORE, CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| WILLIAM ARTHUR GREEN | CIVIL ACTION NO. 2:15-1753 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| STRYKER SALES CORP. and STRYKER HOWMEDICA OSTEONICS CORP. | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim" (R. #3) filed by Stryker Sales Corporation wherein the mover seek to dismiss the instant lawsuit for failure to state a claim upon which relief can be granted.

## FACTUAL ALLEGATIONS

In his complaints as amended, plaintiff names as defendants, Stryker Sales Corporation ("Stryker Sales") and Stryker Howmedica Osteonics Corporation ("Stryker") d/b/a Stryker Orthopaedics. Plaintiff alleges that Stryker is the manufacturer of the Accolade TMZF Plus Hip Stem and the Stryker hip replacement cup (collectively referred to as the "Stryker implants"). Plaintiff further alleges that Stryker and Stryker Sales are responsible for the design, promotion, testing, manufacturing, labeling, distribution, promotion and/or sale of the Stryker implants.[1]

Plaintiff further alleges the following: on or about January 25, 2010, plaintiff underwent a left total hip arthroplasty surgery; the hip was replaced with the Stryker implants.[2] The hip

---
[1] First Amended and Supplemental Complaint, R. # 8, ¶ 4.
[2] Id. ¶ 6.

replacement surgery created a metal-on-metal contact point between the Hip Stem and the replacement cup.[3] Plaintiff alleges that the implants were defective as designed, manufactured, promoted and advertised, and that they deteriorated and malfunctioned during their reasonably anticipated use.[4] Furthermore, the defects were present in the product at the time they left control of the manufacturer.[5] Plaintiff believes that the metal-on-metal contact caused the implants to shed particles of metal; the metal debris accumulated around the hip joint causing pain, swelling, inflammation, bone loss, and/or soft tissue growths as well as a high level of metal ion in his bloodstream.[6]

Plaintiff complains of hip and leg pain and alleges that he suffers from a multitude of health conditions caused by and/or as a result of the Stryker implants.[7] Plaintiff further complains that the high level of metal ion in his bloodstream has severely injured his soft tissue organs and body as a whole.

Plaintiff is suing defendants under the Louisiana Products Liability Act (LPLA) under the following theories: (1) failure to warn, (2) defective construction or composition, (3) defective design, and (4) breach of express warranty.[8] Plaintiff alleges that "Stryker and Stryker Sales breached its duty by failing to exercise ordinary care in the preparation, design, research,

---

[3] Id. ¶ 8.
[4] Id. ¶ 10
[5] Id. ¶ 9.
[6] Id. ¶¶ 12 and 13.
[7] Id. ¶ 11.
[8] Id. ¶¶ 15, 16, 17 and 18.

development, manufacture, inspection, labeling, marketing, promotion, and/or sale of the implants . . . ."[9] Plaintiff is also asserting a negligence claim against these defendants.[10]

## RULE 12(b)(6) STANDARD

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[11] The pleading must allege facts which, when taken as true, raise the pleader's claim for relief beyond the level of speculation or suspicion.[12] Conclusions of law or recitations of necessary elements of a claim will not suffice.[13] When a plaintiff has "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."[14] "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"[15] To survive a motion to dismiss, a

---

[9] Id. ¶ 19.
[10] Complaint, ¶ 12. R. #1.
[11] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).
[12] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
[13] Papasan v. Allain, 478 U.S. 265 (1986).
[14] Twombly, 550 U.S. at 570.
[15] In re S. Scrap Material Co., L.L.C., 541 F.3d 584, 587 (5th Cir. 2008) citing Twombly, 550 U.S. at 556.

3

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[16]

The court's analysis is restricted to the pleading at issue, its proper attachments and matters of public record.[17]

## LAW AND ANALYSIS

Under the LPLA, a manufacturer of a product "shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant..."[18] The LPLA requires a plaintiff to establish the following four elements:

> (1)That the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.[19]

Defendants maintain that plaintiff's complaint fails to contain any facts that describe how this particular medical device was "defective," or how this alleged defect led to his injuries. Defendants argue that plaintiff's allegation that there was metal-on-metal contact caused by the "cup" and the "stem" grinding together does not provide any facts as to how the product was defective. Defendants also contend that plaintiff has failed to allege what characteristic of

---

[16] Twombly, 550 U.S at 570.
[17] Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278 (5th Cir. 2006) (internal citations omitted).
[18] La. R.S. 9:2800.54(A).
[19] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002).

the stem caused the release of cobalt and chromium in his bloodstream, or address the fact that the stem does not contain cobalt and chromium. Defendants argue that plaintiff's contention that he suffered metal toxicity after the implant is not the same as providing factual support for his LPLA claims.

Defendants further suggest that plaintiff has failed to allege any fact as to how the device deviated from its intended design, an alternative design, what information that was not known to the surgeon that should have been contained in warnings, or what warranty was made, or who relied on that warranty. Defendants complain that plaintiff's complaint is nothing more than a threadbare recital of the elements of a manufacturing defect under the LPLA.

Defendants also move to dismiss any claims of negligence asserted because such would be barred by the exclusivity provision of the LPLA. Defendants rely on Louisiana Revised Statute § 9:2800.52 which provides that the exclusive theory of liability against product manufacturers for injuries is the LPLA.[20]

In  Butler v. Louisiana State University Health Sciences Center,[21] the court explained that "[u]nder the LPLA, a manufacturer of a product 'shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant. . . ."  The claims cannot be "unadorned, the-defendant-unlawfully-harmed-me

---

[20] See Chamblee v. Yamaha Motor Co., Ltd., Civ. Action No. 08-1351, 2012 WL 844725 at *3 (W.D. La. March 12, 2013) quoting Jefferson v. Lead Indus. Ass'n., Inc., 930 F.Supp. 241, 244-45 (E.D. La. 1996) aff'd, 106 F.3d 1245 (5th Cir. 1997)(although the "statutory ways of establishing that a product is unreasonably dangerous are predicated on principles of strict liability, negligence, or warranty, respectively, neither negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer.")

[21] 2012 WL 3263888 (W.D. La. August 9, 2012).

5

accusation[s]."[22]  A plaintiff must identify how a defect made the product, or in this case, the stem, unreasonably dangerous, or how the stem caused the alleged injuries.

In paragraph 6 of his complaint and paragraph 11 of his supplemental and amending complaint, plaintiff asserts that lab results performed by his treating physician on February 2, 2015, show that plaintiff is suffering from severe metal toxicity and/or a multitude of health conditions caused by the Stryker implants. Plaintiff's treating physician related the metal toxicity (through the release of cobalt and chromium metals into the bloodstream) to the Stryker implants. Plaintiff alleges that the toxicity has caused him to suffer damage to his soft tissues and bones.

In paragraph 8 of his supplemental and amending complaint, plaintiff alleges that the hip replacement created a metal-on-metal contact point between the hip stem and the replacement cup.  Plaintiff further alleges that the grinding at the metal-on-metal contact point caused the Stryker implants to shed particles of metal and the metal debris accumulated around plaintiffs' hip joint causing pain, swelling, inflammation, bone loss and/or soft tissue growths as well as a high level of metal ion in plaintiff's bloodstream.[23]

Plaintiff then alleges that the defendant failed to warn of this metal-to-metal contact point, the higher rate of corrosion than other implants and the risk and danger of metal toxicity.[24] Plaintiff further alleges that the Stryker implants deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise

---

[22] Twombly, supra.
[23] R. #11, ¶ ¶ 12 and 13.
[24] Id. ¶ 15.

identical products manufactured by the same manufacturer making the implants unreasonably dangerous at the time it left the manufacturer's control.[25] Plaintiff has not alleged facts as to how the Stryker Implants deviated from the manufacturer's specification and/or performance standards.

Plaintiff alleges that Stryker made express warranties through publicly made written assurances, verbal assurances, promotion pamphlets and brochures and advertisements that the implants at issue were safe when in fact Stryker knew of the possibility of a malfunction and/or a deterioration of the implants.[26] Plaintiff complains that the implants did not conform to the express representations that the implants were safe.[27]

The court finds that plaintiff has alleged sufficient facts that when taken as true, raises plaintiff's claims for relief beyond the level of speculation or suspicion. Accordingly, to that extent, defendant's motion to dismiss will be denied.

In footnote 1 of its memorandum in support of the motion to dismiss and in its reply brief, defendants assert that Stryker Sales Corporation does not sell, manufacture, or design any orthopedic products, including the Accolade TMZF Plus hip stem alleged to be at issue in this complaint. Thus, Stryker Sales Corporation seeks to be dismissed. Plaintiffs concede that they "may have identified the wrong Stryker entity as the manufacturer"[28] Accordingly, the court will dismiss Stryker Sales Corporation from this lawsuit.

---

[25] Id. ¶ 16.
[26] Id. ¶ 36 and 37.
[27] Id. ¶ 37.
[28] R. #9, p. 2.

7

In their motion to dismiss, defendants maintain that any negligence claims must be dismissed because plaintiffs' exclusive remedy is under the LPLA. Plaintiffs made no argument as to their negligence claim and this court is unaware of any that could be made. As such, plaintiffs' negligence claims are barred under the LPLA and will be dismissed.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted to the extent that defendant Stryker Sales Corporation will be dismissed with prejudice and plaintiff's claims of negligence will be dismissed; otherwise, the motion to dismiss will be denied.

**THUS DONE AND SIGNED** in chambers on this 26th day of August, 2015.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE